UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X                    NOT FOR PUBLICATION

JAMES SHOWELL,                                         **ORDER**

                    Plaintiff,
                                                  15-CV-6712 (KAM)
        -against-

KENNETH H. THOMPSON, MARY T.
MONAHAN, SGT. DAVE BASTERBACK,

                    Defendants.
----------------------------X
**MATSUMOTO**, United States District Judge:

        On November 19, 2015, *pro se* plaintiff James Showell,

currently incarcerated at the Anna M. Kross Center on Rikers

Island, filed this action against defendants pursuant to 42

U.S.C. § 1983.  (ECF No. 1, Complaint.)  At the time of filing,

plaintiff did not pay the filing fee or include an application

to proceed *in forma pauperis* ("IFP") and a Prisoner

Authorization form.  The Prison Litigation Reform Act ("PLRA")

requires an incarcerated plaintiff seeking to proceed IFP to

submit an IFP application, a Prisoner Authorization form, and a

filing fee to be paid in installments.  28 U.S.C. § 1915(a)(2)

and (b)(1).  Failure to do so is grounds for dismissal of

plaintiff's complaint.  *See Razzoli v. Exec. Office of U.S.*

*Marshals*, No. 10-CV-4269 (CBA), 2010 WL 5051083, at *3 (E.D.N.Y.

Dec. 2, 2010).

By letter dated November 23, 2015, the Clerk's Office provided plaintiff with an IFP application and a Prisoner Authorization form and instructed him that in order to proceed, he must sign and return both documents within 14 days from receipt of the letter.  (ECF No. 3, Notice of Deficient Filing.) To date, plaintiff has not filed a signed IFP application and Prisoner Authorization form.  The action is thus dismissed on that basis.

In addition, under both the PLRA and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint *sua sponte* if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant with immunity.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon,* 480 F.3d 636, 639 (2d Cir. 2007).  The Complaint is largely incomprehensible and includes vague allegations of wrongdoing against a "B. Williams," who is not a named defendant.  (Compl. at 4.)  The Complaint therefore fails to state a claim on which relief may be granted and must be dismissed pursuant to § 1915.

Accordingly, all claims are dismissed without prejudice.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*,

369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to close this case, enter judgment, and mail a copy of this Order to the plaintiff.

SO ORDERED.

Dated:    Brooklyn, New York
          January 5, 2016


                              _____/s/_____
                              KIYO A. MATSUMOTO
                              United States District Judge